IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JACQUELINE LEGGETT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14-04246-CV-MDH |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1385. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. This Court has carefully reviewed the record before it, and for the reasons stated herein **REVERSES** and **REMANDS** the decision to the Commissioner for further proceedings consistent with this opinion.

## BACKGROUND

Plaintiff protectively filed her application for SSI on approximately December 12, 2011, alleging she became disabled beginning on August 1, 2010.[1] Plaintiff's disability report states she has an alleged disability due to back pain, seizures, lesion on the brain, epilepsy seizures, back pain from prior fusion, fractured right leg, short-term memory loss, fatigue, lack of concentration, headaches, hip pain and anxiety.

---

[1] The ALJ's Decision erroneously states Claimant filed her application on April 24, 2012 claiming disability beginning on December 12, 2011.

The claim was initially denied on July 20, 2012. Plaintiff filed a request for an Administrative Law Judge hearing, and the hearing was held on September 11, 2013. On October 17, 2013, the ALJ issued a decision finding the Plaintiff was not disabled as defined by the Act. Plaintiff then filed a request for Review of the ALJ's decision before the Appeals Council, which was denied on July 15, 2014.

The ALJ's determination found that Plaintiff had severe impairments that included status-post open reduction internal fixation (ORIF) left tibia, epilepsy and status-post back. However, the ALJ found that she did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that Plaintiff retained the RFC to "perform sedentary work as defined in 20 C.F.R. 416.97(a) except that the claimant is limited to the following: occasionally pushing/pulling bilaterally; sitting, standing, and walking for up to four hours in an eight hour workday; the claimant requires a sit/stand option to change positions at will because of back problems; the claimant can occasionally balance, kneel, bend; the claimant can occasionally climb stairs and ramps; the claimant can never climb ladders, ropes or scaffolds; the claimant must avoid heights, hazardous machinery and uneven surfaces because of seizures." The ALJ found that claimant is capable of performing her past relevant work as a clerical assistant, as well as other work including work as a document preparer and addressing clerk. Based on these findings the ALJ determined that Plaintiff was not disabled as defined under the Act.

Plaintiff's current appeal raises the following issues: whether the limitations provided in the ALJ's RFC are supported by substantial evidence and whether the ALJ provided a proper credibility determination.

**DISCUSSION**

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), citing, *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id.,* citing, *Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004); and *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id.,* citing, *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

In order to qualify for benefits under the Social Security Act and the accompanying regulations, Plaintiff must establish she is disabled. *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010); citing, *Pate–Fires v. Astrue,* 564 F.3d 935, 942 (8th Cir.2009). "Disability is defined as the inability 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.'" *Id.*,

quoting 42 U.S.C. § 1382c(a)(3)(A). To determine disability, the ALJ follows an established five-step process that considers whether: (1) the claimant was employed; (2) she was severely impaired; (3) her impairment was, or was comparable to, a listed impairment; (4) she could perform past relevant work; and if not, (5) whether she could perform any other kind of work. *Id.*, citing, 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a).

Plaintiff argues the ALJ erred in determining that Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 4160967(a). Specifically, Plaintiff argues SSR 96-8p requires the ALJ to specify what medical evidence was relied on in forming the RFC. Plaintiff argues the ALJ did not review current relevant medical evidence, and instead relied solely on the 2012 examination by a state agency medical consultant.

In determining whether a claimant is disabled, the ALJ considers the medical opinions in the case together with the rest of the relevant evidence. 20 C.F.R. § 404.1527(b). The weight to give to a particular medical opinion is determined by various factors such as the examining relationship, the nature and length of the treatment relationship, the support provided for the opinion, consistency, and specialization. *Id.* at § 404.1527(c). The Eighth Circuit recently described the appropriate weight to afford to opinions of treating physicians:

> The ALJ must give "controlling weight" to a treating physician's opinion if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Wagner v. Astrue*, 499 F.3d 842, 848–49 (8th Cir.2007) (internal quotation marks and emphases omitted). *See* S.S.R. 96–2p, Policy Interpretation Ruling, Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, 1996 WL 374188 (July 2, 1996) ("Not inconsistent ... is a term used to indicate that a well-supported treating source medical opinion need not be supported directly by all of the other evidence (i.e., it does not have to be consistent with all the other evidence) as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion.").

> "Even if the [treating physician's] opinion is not entitled to controlling weight, it should not ordinarily be disregarded and is entitled to substantial weight." *Samons*

4

*v. Astrue*, 497 F.3d 813, 818 (8th Cir.2007). It may have "limited weight if it provides conclusory statements only, or is inconsistent with the record." *Id.* (citations omitted). The ALJ "may discount or even disregard the opinion ... where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions."

*Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015).

Upon review, the Court agrees with Plaintiff and finds the ALJ improperly weighed the medical evidence in the record. Reversal and remand is necessary in order to formulate an appropriate RFC in light of Plaintiff's treating physician's medical records, to order any additional medical opinions if deemed necessary, and to reassess whether Plaintiff is able to perform her past relevant work or any jobs that exist in significant numbers in the national economy based upon a new RFC.

In determining Claimant's RFC, the ALJ acknowledged treatments in May 2013 (claimant underwent a brain MRI) and September 2014 (claimant underwent a lumbar spine CT scan). However, the ALJ gave great weight to the state agency medical consultant who reviewed Claimant's medical records through July 2012. The ALJ found that in treatment notes from March 2012 the claimant had been doing well and had been seizure free, but then also states in December 2012 the records indicate "claimant continues to experience occasional episodes of mild type seizures." The ALJ does not reference any additional medical records from 2013, including records that indicate Claimant was experiencing weekly seizures and was taking daily narcotic medication for pain.

The ALJ found "it is clear that the claimant's condition has improved with medication and her limitations are not as severe as she alleged." However, the ALJ's decision does not reference medical records to support this finding. Further, this finding appears contrary to the testimony at the hearing. Claimant testified at the hearing that she experiences pain up to a nine

5

(on a scale of one to ten) every 45 minutes if she is up too long or sitting too long. She testified her pain level is normally about a five or six all day long, with it going up to a nine depending on how long she's been on her legs. Claimant further testified she was taking daily narcotic medication for pain as prescribed by Dr. Mazal. The ALJ's decision does not reference any of Dr. Mazal's medical records.

The ALJ further opined that Claimant's daily activities are not limited to the extent one would expect and states, in part, that "claimant prepares her own meals and folds clothes." A review of the hearing transcript reflects Claimant testified to the contrary – that she does not cook, does not do dishes and does not do the laundry – rather her mother performs those duties. She also testified because of her seizures she cannot shower or bathe alone and that someone has to be in the room with her during that time. Finally, Claimant testified that while she does have a valid driver's license, she has not driven for two years because of her seizures.

Here, the record before the Court shows inconsistencies between the ALJ's findings and the evidence in the record as a whole. As a result, the Court finds the ALJ's RFC determination is not supported by substantial evidence in the record.

## **CONCLUSION**

For the reasons stated herein, the ALJ erred in weighing the medical opinions of record. As a result, the RFC determination is not supported by substantial evidence in the record as a whole. Accordingly, the decision of the Commissioner is hereby **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

6

**IT IS SO ORDERED.**

DATED: November 30, 2015

                                                 */s/ Douglas Harpool*
                                                 **DOUGLAS HARPOOL**
                                                 **UNITED STATES DISTRICT JUDGE**